IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TOBY P. COUCHMAN AND KRISTINE M. COUCHMAN<br><br>*Plaintiffs,*<br><br>v.<br><br>PINGORA LOAN SERVICING, LLC AND FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>*Defendants.* | CIVIL ACTION NO. 4:20-cv-01240 |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COME NOW, Toby P. Couchman and Kristine M. Couchman ("Plaintiffs"), filing their Frist Amended Complaint (the "Complaint") against Pingora Loan Servicing, LLC ("Pingora") and Federal National Mortgage Association ("Fannie Mae") (collectively "Defendants") and would show the Court as follows:

### I. SUMMARY

1. This case involves Defendants' failure to cure defects in a void home equity loan governed by Article XVI, § 50(a)(6), of the Texas Constitution as well as Defendants' collection of mortgage payments on the void loan. As a result, Defendants are liable for breach of contract and Plaintiffs seek forfeiture of all principal and interest paid.

### II. EXHIBITS

a) **Exhibit 1** – Deed of Trust
b) **Exhibit 2** – Satisfaction Survey
c) **Exhibit 3** – ALTA Settlement Statement
d) **Exhibit 4** – Acknowledgment of Fair Market Value

PLAINTIFFS' FIRST AMENDED COMPLAINT                                                                                         1

## III. PARTIES

2. Toby P. Couchman and Kristine M. Couchman are natural persons who currently reside in Harris County.

3. Pingora Loan Servicing, LLC was at all relevant times doing business in the State of Texas and has made an appearance.

4. Federal National Mortgage Association was at all relevant times doing business in the State of Texas and has made an appearance.

## IV. JURISDICTION AND VENUE

5. The Court has jurisdiction over Defendants because Defendants do business in the State of Texas, including originating, servicing and/or owning loans, which necessarily involves contracting with Texas residents by mail or otherwise when at least one of the parties is to perform the contract in Texas. Further, Defendants' conduct giving rise to the causes of action as set forth herein occurred in whole or in part in Texas.

6. The damages sought in this action are within the jurisdictional limits of the court.

7. Venue is proper in Harris County, Texas as the suit involves real property located in Harris County, Texas. Venue is proper under TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1), as Harris County is where all or a substantial part of the events or omissions occurred.

## V. FACTS

8. Plaintiffs are the owners of the property located at 11402 Chippewa Ridge Court, Houston, Texas 77089 in Harris County (the "Property"). This property is their homestead.

9. On March 1, 2016, Plaintiffs obtained a Texas Home Equity Note (the "Note") from LoanDepot.com, LLC ("Loan Depot"), secured by a Texas Home Equity Security Instrument ("Deed of Trust" or "Security Instrument"), which details the parties' rights and obligations with regards to the lien. *See Deed of Trust, attached as* **Exhibit 1**.

10. The Deed of Trust specifies:

> "It is the express intention of Lender and Borrower to structure this Extension of Credit to conform to the provisions of the Texas Constitution applicable to Extensions of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution."

See **Exhibit 1**, *at ¶ 19.*

11. To conduct the closing of the loan, Loan Depot sent a mobile notary to Plaintiffs' Property with the Note, Security Instrument, and other various loan documents to be executed in connection with the loan. *See* **Exhibit 2**, **Exhibit 3**.

12. Plaintiffs have paid this loan in full and have complied with all the obligations in the Deed of Trust.

13. Upon information and belief, Pingora was the loan servicer.

14. Upon information and belief, Fannie Mae was the holder and investor of the Note and remains as the investor of the current note.

Constitutional Violations

15. Specific violations of the Constitution include:

    a. The loan must have provided that the borrowers would receive a copy of the final loan application and all executed documents signed at closing. TEX. CONST. art. XVI, § 50(a)(6)(Q)(v). Plaintiffs did not receive a copy of the final executed loan documents, including the acknowledgment of fair market value to be signed by both the lender and the borrowers. *See* **Exhibit 4**.

    b. The loan must be closed only at the office of the lender, an attorney at law, or a title company. TEX. CONST. art. XVI, § 50(a)(6)(N). The loan was not closed in any of the aforementioned locations. The loan was closed at the Plaintiffs' Property. *See* **Exhibit 2**, **Exhibit 3**.

    c. The Plaintiffs did not receive an acknowledgment of fair market value signed by both the borrower and lender at closing, as the lender was neither present at closing nor signed the acknowledgment of fair market value. TEX. CONST. art. XVI, § 50(a)(6)(Q)(ix). *See* **Exhibit 4**.

## VI. CAUSES OF ACTION

### A. Breach of Contract and Violation of Texas Constitution

    a. <u>The Texas Constitution Must be Interpreted Verbatim</u>

16. The Texas Supreme Court made it clear as to the means of interpreting the state constitution: "[w]hen interpreting our state Constitution, we rely heavily on its literal text and must give effect to its plain language." *Stringer v. Cendant Mortg. Corp.*, 23 S.W.3d 353, 355 (Tex. 2000). "We strive to give constitutional provisions the effect their makers and adopters intended." *Id.* "We construe constitutional provisions and amendments that relate to the same subject matter together and consider those amendments and provisions in light of each other." *Purcell v. Lindsey*, 314 S.W.2d 283, 284 (Tex. 1958). "And we strive to avoid a construction that renders any provision meaningless or inoperative." *Stringer*, 23 S.W.3d at 355, *see also Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 545 (Tex. 2016).

    b. <u>The actual breach.</u>

17. To establish standing in a breach of contract action, [P]laintiff[s] must show either privity or third-party beneficiary status. *Brown v. Mesa Distribs.*, 414 S.W.3d 279, 284 (Tex. App.—Houston [1st Dist.] 2013, no pet.) One consideration in determining whether breach is material is the extent to which the nonbreaching [sic] party will be deprived of benefit that it could have reasonably anticipated from full performance. *E. Friedman & Assocs. v. ABC Hotel & Rest. Supply, Inc.*, 412 S.W.3d 561, 565 (Tex. App.—Amarillo

2013, no pet.).  Elements of breach of contract are: (1) existence of valid contract between plaintiff and defendant; (2) plaintiff performed or tendered performance under contract; (3) Defendant breached contract; and (4) plaintiff was damaged as result of breach.  *Holloway v. Dekkers*, 380 S.W.3d 315, 324 (Tex. App.—Dallas 2012, no pet.); *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 579 (5th Cir. 2015).

18. Plaintiffs (1) had a contract with Defendants through the Security Instrument. Plaintiffs performed by (2) remaining current on their home equity loan – eventually paying it off, and properly notifying Defendants regarding violations with the home equity loan. Defendants (3) breached the contract because they failed to cure the violations.  Lastly, (4) the Plaintiffs are damaged because they **paid on a void lien**.

   c. Timing of the breach—at Failure to Cure

19. Paragraph 19 of the Security Instrument states:

    > Except as otherwise required by Applicable Law, only after Lender has received said notice, has had 60 days to comply, and Lender has failed to comply, shall all principal and interest be forfeited by Lender, as required by Section 50(a)(6)(Q)(x), Article XVI of the Texas Constitution in connection with failure by Lender to comply with its obligations under this Extension of Credit.

    See **Exhibit 1**, *at ¶ 19.*

20. Defendants are in breach of the Security Instrument. 60 days, as provided under TEX. CONST. art. XVI, § 50(a)(6)(Q)(x) and TEX. ADMIN. CODE § 153.92, is a reasonable amount of time.  **Because Defendants contractually established that (1) forfeiture of principal and interest can only occur after the lender has received the notice to cure and (2) the lender failed to cure within a reasonable amount of time after receipt, a breach of contact action to accrues on the 61st day after receipt of the notice to cure.**  Thus, Defendants are in breach and forfeiture of principal and interest to Plaintiffs is proper.

21. Therefore, Plaintiffs are entitled to forfeiture of all principal and interest paid into the Loan.

**B. Declaratory Judgment**

22. The Texas Constitution provides borrowers with protections where a borrower has entered into a loan agreement that contains provisions, requirements, or other defects that are contrary to the Texas Constitution. These protections are found under Article XVI, §§ 50(a)(6)(Q)(x)(a)-(f). Accordingly, the noncompliant mortgage lien is void *ab initio* and "the lender or any holder of the note for the extension of credit shall forfeit all principal and interest of the extension of credit if the lender or holder fails to comply with the lender's or holder's obligations under the extension of credit and fails to correct the failure to comply not later than the 60th day after the date the lender or holder is notified by the borrower or lender's failure to comply." TEX. CONST. art. XVI, § 50(a)(6)(Q)(x).

23. Therefore, Plaintiffs are entitled to forfeiture of principal and interest.

24. Pursuant to Federal Rule of Civil Procedure 57, Plaintiffs respectfully requests that this Court issue a declaratory judgment specifying Plaintiffs' and Defendants' rights and duties in connection with the Note.

25. This Court is vested with the power to declare and adjudicate the rights and other legal relationships of the parties to this action.

26. For all the reasons stated in this pleading, Plaintiffs seek a declaratory judgment pursuant to Federal Rule of Civil Procedure 57, and request that this Court issue a declaratory judgment that (a) declares Defendants have failed to cure Constitutional defects in the loan documents, (b) declares that the mortgage lien was noncompliant with the Texas Constitution and thereby VOID, and (c) declares that Defendants return all money paid to it by Plaintiffs for the noncompliant loan.

## VII. ATTORNEY FEES

27. Plaintiffs have been obliged to employ counsel to represent Plaintiffs' interests in connection with Defendants' conduct. In that regard, Plaintiffs employed the undersigned attorney and Plaintiffs are obligated to pay such reasonable attorney's fees for the services necessarily rendered on her behalf.

28. Texas Civil Practices & Remedies Code § 38.001 permits reasonable attorney fees (and costs) for claims on written contract. Attorney's fees are allowed under the Texas Declaratory Judgment Act.

## VIII. CONDITIONS PRECEDENT

32. All conditions precedent to Plaintiffs' claim for relief have been performed or have occurred.

## IX. DEMAND FOR JURY TRIAL

34. Plaintiffs demanded a jury trial in their Original Petition and will tender the requisite fee as required prior to trial.

## X. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer, and the following order be entered:

   a. An order that any and all liens relating to the Note are void;

   b. An order that Defendant and/or its successors forfeit all principal and interest on the Note and Defendants reimburse Plaintiffs for all previous payments that have been made on the Note;

   c. Actual damages;

   d. Statutory damages where applicable;

   e. Reasonable and necessary attorneys' fees;

    f. Prejudgment and post-judgment interest;

    g. Costs of suit to be taxed against Defendants;

    h. All other relief, in law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted this May 6th, 2020.

                        Respectfully submitted,

                        **THE LANE LAW FIRM, P.L.L.C.**

                        By: */s/ Robert "Chip" Lane*
                        Robert "Chip" Lane
                        State Bar No. 2404626
                        notifications@lanelaw.com
                        Joshua D. Gordon
                        State Bar No. 24091592
                        joshua.gordon@lanelaw.com
                        S. Alex Lick
                        State Bar No. 24107844
                        Alex.lick@lanelaw.com
                        6200 Savoy Drive, Suite 1150
                        Houston, Texas 77036-3300
                        (713) 595-8200 Telephone
                        (713) 595-8201 Facsimile
                        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2020, a true and correct copy of the above and foregoing instrument has been served upon the following, *via* ECF notification:

**Marc D. Cabrera**
State Bar No. 24069453
S.D. Bar No. 1093318
mcabrera@polsinelli.com
**POLISINELLI, PC**
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
**ATTORNEYS FOR DEFENDANTS**

By: */s/ Robert C. Lane*
Robert C. Lane